IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA SALADÍN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CHICAGO 3 CONSULTANTS, INC., an Illinois | ) |
| Corporation, and ATMIK PANDYA, an individual | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff Melissa Saladín, through her attorneys, Jacobs, Burns, Orlove & Hernandez, for her Complaint against Chicago 3 Consultants, Inc. ("Chicago 3") and Atmik Pandya ("Pandya"), states as follows:

**JURISDICTION AND VENUE**

1. This lawsuit arises under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), for unpaid wages.

2. This Court has subject matter jurisdiction pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and (c) because Defendant Chicago 3 is an Illinois corporation operating a business located in this district, Defendant Pandya is an individual residing within this judicial district, and the events alleged in this complaint giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

4. Plaintiff is an individual residing within this judicial district. Until February 16, 2015, Plaintiff was an "employee" of Chicago 3 and Pandya within the meaning of 29 U.S.C. § 203(e) and 820 ILCS 105/3(d).

5. Plaintiff consents to sue. *See* Plaintiff's Consent to Sue, attached as Exhibit A.

6. At all material times, Defendant Chicago 3 has operated a marketing firm in Chicago, Illinois.

7. At all material times, Defendant Atmik Pandya has been the President and principal officer of Chicago 3.

8. At all material times, Chicago 3 has been engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A), and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 105/3(c).

9. At all material times, Pandya had authority over personnel decisions at Chicago 3, frequently personally supervised and directed Plaintiff's work while she was employed by Chicago 3, and personally determined her compensation. At all relevant times Pandya was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and 820 ILCS 105/3(c).

## FACTUAL ALLEGATIONS

10. From July 23, 2014, through February 16, 2015, Plaintiff worked for Defendants approximately 35 hours per week as a human resources recruiter.

11. Plaintiff and Defendants agreed that she would be paid $300 per week.

12. Throughout her employment by Chicago 3 and Pandya, Plaintiff was paid no wages whatsoever.

13. Plaintiff repeatedly informed Defendants that she had not been paid her agreed salary.

14. On February 16, 2015, in response to Plaintiff's complaints that she had not been paid, Pandya discharged Plaintiff from her employment with Chicago 3.

## COUNT I - UNPAID WAGES UNDER THE FLSA

15. Plaintiffs incorporate by reference paragraphs 1 – 14 as though fully set forth herein.

16. At all material times Defendants were covered by the minimum wage provisions of the FLSA, including 29 U.S.C. § 206.

17. At all material times Plaintiff was covered by and entitled to the rights, protections and benefits provided by the FLSA, including the rights set forth in section 6(a) of the FLSA, 29 U.S.C. § 206(a).

18. During the course of Plaintiff's employment, Defendants violated the FLSA, and in particular 29 U.S.C. § 206, by failing and refusing to pay her wages at a rate of not less than $7.25 per hour.

19. By refusing to pay Plaintiff any wages despite knowing that she was not receiving her agreed upon salary of $300 per week, Defendants' acted in knowing violation and/or reckless disregard as to whether their conduct was prohibited by the FLSA. The violations by Chicago 3 and Pandya of the FLSA alleged herein were therefore "willful" within the meaning of 29 U.S.C. § 255(a).

20. For the period of July 23, 2014 through December 23, 2014, Plaintiff is owed a total of at least 22 weeks $\times$ 35 hours $\times$ $7.25 = $5582.5 in unpaid minimum wages.

21. For the Period of January 7, 2015 through February 16, 2015, Plaintiff is owed a total of at least 5.8 weeks $\times$ 35 hours $\times$ \$7.25 = \$1471.75 in unpaid minimum wages.

## COUNT II - UNPAID WAGES UNDER THE IMWL

22. Plaintiffs incorporate by reference paragraphs 1 – 21 as though fully set forth herein.

23. At all material times Defendants were covered by the minimum wage provisions of the IMWL, including 820 ILCS 105/4.

24. At all material times Plaintiff was covered by and entitled to the rights, protections and benefits provided by the IMWL, including the rights set forth in section 4 of the IMWL, 820 ILCS 105/4.

25. Defendants violated the IMWL, and in particular 820 ILCS 105/4, by failing and refusing to pay Plaintiff wages at a rate of not less than \$8.25 per hour.

26. For the period of July 23, 2014 through December 23, 2014, Plaintiff is owed a total of at least 22 weeks $\times$ 35 hours $\times$ \$8.25 = \$6352.5 in unpaid minimum wages.

27. For the Period of January 7, 2015 through February 13, 2015, Plaintiff is owed a total of at least 5.8 weeks $\times$ 35 hours $\times$ \$8.25 = \$1674.75 in unpaid minimum wages.

## COUNT III -RETALIATION UNDER THE FLSA

28. Plaintiffs incorporate by reference paragraphs 1 – 27 as though fully set forth herein.

29. At all relevant times, Defendants were covered by the anti-retaliation provisions of the FLSA, 29 U.S.C.A. § 215(a)(3).

4

30. Defendants violated the FLSA, and in particular 29 U.S.C. § 215(a)(3), by discharging Plaintiff in retaliation for her complaints and/or knowingly allowing her to be discharged in retaliation for these complaints.

31. As a result of her unlawful discharge, Plaintiff has suffered lost wages since February 13, 2015.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

E. Award Plaintiff the greater of her unpaid minimum wages under either 29 U.S.C. § 206 or 820 ILCS 105/4;

F. Award Plaintiff an amount equal to her unpaid federal minimum wages as liquidated damages pursuant to 29 U.S.C. § 216(b);

G. Award Plaintiff an amount equal to 2% of all unpaid Illinois minimum and overtime wages for each month that such wages remain unpaid pursuant to 820 ILCS 105/12(a);

H. Order Defendants to reinstate Plaintiff to her former position and to pay Plaintiff an amount equal to her lost wages since February 13, 2015;

I. Award Plaintiff an amount equal to her lost wages since February 13, 2015 as punitive damages pursuant to 29 U.S.C.A. § 216;

J. Enter an order permanently enjoining and restraining Defendants from violating the provisions of the FLSA;

K. Award Plaintiff her attorneys' fees and costs in this action; and

L. Grant Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted,


/s/ Charles P. Burns_____
One of Plaintiffs' Attorneys


Marisel A. Hernandez
Charles P. Burns
Jacobs, Burns, Orlove & Hernandez
150 North Michigan Avenue
Suite 1000
Chicago, IL 60601
312.372.1646